IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                    Case Nos.: 4:91cr4020/WS
                                                                4:10cv356/WS/EMT

BOBBY DIXON WELLS

---

## REPORT AND RECOMMENDATION

This case is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and supporting memorandum of law (docs. 322, 324). The Government filed a response (doc. 328), and Defendant filed a reply (doc. 329). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's § 2255 motion should be denied and dismissed. *See* Rules Governing Section 2255 Cases 8(a) and (b).

BACKGROUND and ANALYSIS

Defendant was found guilty after a jury trial of conspiracy to distribute and possess with intent to distribute cocaine base and possession with intent to distribute cocaine base (*see* doc. 328 at 3). Defendant's Presentence Report ("PSR") calculated an applicable guidelines range of 360 months to life imprisonment, and Defendant was sentenced at the low end of that range to a term of 360 months imprisonment (*id*.). Defendant appealed, and his conviction and sentence were affirmed. *See* United States v. Wells, Case No. 92-2352, 998 F.2d 1020 (11th Cir. July 15, 1993), *cert. denied* 510 U.S. 983 (Nov. 15, 1993). Due to the age of this case, the Government notes that it is unclear from the available record whether Defendant previously sought § 2255 relief (doc. 328 at 3). The electronic docket does reflect, however, that Defendant sought relief by filing a motion pursuant to 18 U.S.C.

§ 3582(c)(2), relying on United States Sentencing Guidelines (U.S.S.G.) Amendment 706 (doc. 311). This motion was denied, as was Defendant's motion for reconsideration (docs. 312–314). Defendant appealed, but his appeal was dismissed in March of 2009 for want of prosecution (docs. 315–321). Defendant filed nothing further until August of 2010 when he filed the instant motion to vacate (docs. 322, 324).

On December 23, 2010, Judge William C. Sherrill, Jr., the then-assigned magistrate judge, conducted a preliminary analysis of the two claims raised by Defendant in his § 2255 motion[1] and directed Defendant to show cause why his motion should not be summarily dismissed for a variety of reasons, including that it appeared to be untimely (*see* doc. 325). Defendant responded to the order to show cause, conceding that he was not entitled to relief on the second claim (doc. 326 at 2) but arguing that his motion was timely filed under the Supreme Court's decision in United States v. O'Brien, 130 S.Ct. 2169 (2010). The court then directed the Government to respond (doc. 327), which it did (doc. 328), and Defendant replied (doc. 329).

On October 26, 2011, after the parties had filed their respective response and reply, the district court issued a "Notice of Intent to Reduce Sentence" based on U.S.S.G. Amendment 750 (doc. 331). The court noted that under this retroactive amendment, Defendant was eligible for a reduction in sentence, and indicated its intent to reduce Defendant's sentence from 360 to 292 months on November 14, 2011, absent any objection from Defendant, the United States Attorney, or the Bureau of Prisons (*id*. at 2). The Government filed a response (doc. 332), which the court considered before entering an order on November 14, 2011, reducing Defendant's sentence to 292 months (doc. 333).

On April 2, 2012, this case was administratively reassigned to Magistrate Judge Charles A. Stampelos (doc. 334). The court's order notifying Defendant of the reassignment was returned to the

---

[1] In Defendant's first ground for relief, he asserted that he was "actually innocent" of his enhanced sentence of thirty years, since drug quantity was not charged or determined by the jury (doc. 322 at 5). In his second ground, Defendant claimed that the Fair Sentencing Act of 2010, Pub. L. No. 111-220 § 2(a), 124 Stat. 2372 (2010), which amended title 21 U.S.C. § 841(b) to amend the statutory mandatory minimum penalties for certain crack cocaine offenses, was retroactive (doc. 322 at 5). Defendant's concession that the Act is not retroactive is in accordance with decisions of the Eleventh Circuit holding that the Fair Sentencing Act of 2010 does not apply retroactively to defendants who were sentenced before August 3, 2010, such as Defendant in this case. *See* United States v. Daniel, No. 12-13128, 2013 WL 135093, at *4 (11th Cir. Jan. 10, 2013) (citing United States v. Berry, 701 F.3d 374, 377–78 (11th Cir. 2012)); *see also* United States v. McKeithan, 437 F. App'x 148, 150–51 (3rd Cir. 2011) (collecting cases).

court as undeliverable on April 27, 2012 (doc. 335). The case was administratively reassigned again, on April 3, 2013, to the undersigned (*see* doc. 347).

Upon notification of the reassignment, the undersigned conducted a preliminary review of the record. The docket sheet suggests that Defendant has failed to keep the court apprised of his current address, which can in and of itself be grounds for dismissal of his motion, although the court disfavors such dismissals, particularly in habeas-type actions. Upon further investigation, the court has ascertained through the Federal Bureau of Prisons website that Defendant was released on September 25, 2012. *See* http://www.bop.gov/iloc2/LocateInmate.jsp (information retrieved using Defendant's register number: 09414-017). The court has verified that Defendant is currently on supervised release under the supervision of the United States Probation Office in Tallahassee, Florida. The court has also obtained Defendant's current address, which is provided to the clerk below.

Although Defendant is no longer incarcerated, this case is not necessarily moot. Once attached, federal jurisdiction is not automatically defeated by the release of a defendant before the section 2255 motion is resolved. *See* Carafas v. LaVallee, 391 U.S. 234, 238 (1968). For instance, if a defendant is serving a term of supervised release, he is still subject to restrictions on his liberty which could be affected if he prevails in an action challenging his conviction and sentence. *See* Dawson v. Scott, 50 F.3d 884, 886 n.2 (11th Cir. 1995) (citing Jago v. Van Curen, 454 U.S. 14, 21 n.3 (1981) (per curiam); United States v. Eske, 925 F.2d 205, 206 n.2 (7th Cir. 1991)); Cleckler v. United States, 410 F. App'x 279 (11th Cir. 2011) (citing Dawson); Kusay v. United States, 62 F.3d 192 (7th Cir. 1995); Minor v. Dugger, 864 F.2d 124, 127 (11th Cir. 1989). Therefore, despite a release from incarceration, such a defendant remains "in custody" within the meaning of 28 U.S.C. § 2255. *See* United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997); *see also* Jones v. Cunningham, 371 U.S. 236, 240–43 (1963) (holding that paroled prisoner is in custody when the terms of his release impose "significant restraints on petitioner's liberty because of his conviction and sentence, which are in addition to those imposed by the State upon the public generally"); United States v. Essig, 10 F.3d 968, 970 n.3 (3d Cir.1993) (holding expressly that supervised release satisfies the "in custody" requirement of § 2255). In this case, however, Defendant challenges only the length of his prison term—which he has already completed—not the fact of his conviction or any issue related to his term of supervised release. Thus, the issues raised in his § 2255 motion may be

moot, despite Defendant's serving a current term of supervised released. *Cf.* Dawson, 50 F.3d at 886 n.2 (challenge under 28 U.S.C. § 2241 by petitioner serving term of supervised release not moot where success on the merits of his petition could alter term of supervised release[2]). Nevertheless, to the extent a determination that Defendant is entitled to a reduction in his underlying sentence could impact his term of supervised release, the court will consider the timeliness of Defendant's motion.

The Government argues that Defendant's § 2255 motion should be dismissed as it is untimely. Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. In cases such as this in which Defendant filed a direct appeal and a petition for certiorari, the judgment becomes "final" on the date on which the Supreme Court issues a decision on the merits or denies certiorari. Clay v. United States, 537 U.S. 522, 525 (2003); Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). As noted above, the Supreme Court denied certiorari in Defendant's case on November 15, 1993, and therefore his conviction became final on that date. Thus, a facially timely motion must have been filed on or before November 15, 1994.

Defendant contends that his motion is timely filed pursuant to 28 U.S.C. § 2255(f)(3), because it was filed within one year of the Supreme Court's decision in O'Brien, 130 S. Ct. 2169 (2010) (*see* doc. 326). O'Brien, however, affords Defendant no relief. Even if the court were to accept

---

[2] As this court is well aware, § 2241 is the proper vehicle to challenge the execution of a sentence, rather than the validity of the sentence. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008). Challenges to extraneous sentencing issues—such as those regarding qualification for application of the "safety valve" or those raised by Defendant here—are properly brought under § 2255. *See, e.g.*, United States v. Bravo, 203 F.3d 778, 782 (11th Cir. 2000).

Defendant's arguments about the factual relevancy of <u>O'Brien</u> to his case,[3] the court has found no cases holding that <u>O'Brien</u> is retroactively applicable on collateral review, although many cases have expressly held that it is not. *See* <u>Douglas v. Augustine</u>, No. 5:11cv154/RS/EMT, 2012 WL 1947181 (N.D. Fla. Apr. 26, 2012) (report and recommendation adopted by district court May 30, 2012 (doc. 16)); <u>Pulling v. Warden, FCC Coleman</u>, No. 5:10-cv-393-Oc-10GRJ, 2012 WL 1081074 (M.D. Fla. Mar. 30, 2012); <u>United States v. Smith</u>, No. 1:90cr1036/MP/GRJ, 2011 WL 2006342, at *1 (N.D. Fla. May 23, 2011); <u>Stewart v. Warden, FCC Coleman-Low</u>, No. 5:11-cv-98-Oc-29SPC, 2011 WL 6004594, at *3 (M.D. Fla. Nov. 30, 2011); *see also* <u>United States v. Blaze</u>, 458 F. App'x 749 (10th Cir. 2012); <u>United States v. Moore</u>, 432 F. App'x 762 (10th Cir. 2011); <u>Patterson v. Rios</u>, No. 10-1265, 2011 WL 1458164, at *4 (S.D. Ill. Apr. 15, 2011).

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. <u>Jones v. United States</u>, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing <u>Akins v. United States</u>, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even with diligence." <u>Johnson v. United States</u>, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing <u>Drew v. Dep't of Corr.</u>, 297 F.3d 1278, 1286 (11th Cir. 2002); <u>Sandvik v. United States</u>, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005). It only applies in "truly extraordinary circumstances." <u>Johnson</u>, 340 F.3d at 1226 (citing <u>Jones v. United States</u>, 304 F.3d 1035, 1039–40; <u>Drew</u>, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. <u>Johnson</u>, 340 F.3d at 1226, <u>Jones</u>, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. <u>United States v. Cicero</u>, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing <u>Coleman v. Johnson</u>, 184 F.3d 398, 402-03 (5th

---

[3]<u>O'Brien</u> held that under 18 U.S.C. § 924(c) the type of firearm, in that case whether the firearm in question was a machine gun, is an element to be proven beyond a reasonable doubt at trial, not a sentencing factor. 130 S. Ct. at 2180. The Court did not consider 21 U.S.C. § 841 offenses, the only offenses with which Defendant was charged here.

Cir. 1999)).  There is nothing apparent from the record in this case to suggest that equitable tolling would apply.  Therefore, Defendant's motion should be denied as untimely.

CERTIFICATE OF APPEALABILITY

Section 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED:**

The clerk is directed to amend the docket to reflect Defendant's current address as reported by the United States Probation office in Tallahassee, Florida:  **3113 Hotchkiss Lane, Tallahassee, FL 32303.**

And based on the foregoing, it is respectfully **RECOMMENDED**:

1.      The motion to vacate, set aside, or correct sentence (doc. 322) be **DENIED and DISMISSED**.

2.      A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 4th day of April 2013.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).